CHARLES FISHER, Plaintiff, *v.* NEW YORK DOCK COMPANY, Defendant.

*Negligence — injury to a truckman unloading a car by reason of its being struck by another car which failed to follow a switch track* — res ipsa loquitur — *question for the jury.*

In an action brought to recover damages for personal injuries, it appeared that the defendant was a warehouse company which operated a short line of railroad together with a locomotive for shifting cars; that while the plaintiff, a truckman, was removing some radiators from one of the freight cars upon the defendant's premises, the defendant attempted to shift two cars from a siding to the main track; that the rear wheels of the last car failed to follow the switch track and that the car thus derailed was drawn against the end of the car in which the plaintiff was at work in such a manner that the car was violently moved and the plaintiff injured by a radiator which was thrown upon him.

*Held*, that it it was error for the court to dismiss the plaintiff's complaint upon the ground that there was no evidence of negligence on the part of the defendant;

That the defendant having had the management and control of the car which caused the injury, and the accident having happened under such circumstances that the plaintiff had no reason to anticipate its occurrence, the doctrine of *res ipsa loquitur* applied to the extent that the facts disclosed presented a case for the jury.

MOTION by the plaintiff, Charles Fisher, for a new trial upon exceptions ordered to be heard by the Appellate Division in the first instance, upon the dismissal of the complaint by direction of the court after a trial at the Kings County Trial Term.

*J. Stewart Ross*, for the plaintiff.

*H. Snowden Marshall* [*George H. Abbott* with him on the brief], for the defendant.

WOODWARD, J.:

The plaintiff brings this action to recover damages for personal injuries, alleged to have been sustained through the negligence of the defendant's servants. The defendant is a domestic corporation, controlling warehouses in the borough of Brooklyn, and as incident to its business operates a short line of railroad, over which it moves

cars from the warehouses to the docks, etc. On the 26th day of August, 1901, the plaintiff called at the office of the defendant for some freight. The defendant sent one of its employees with the plaintiff to a car standing upon a side track, with another car in front of it, and some cars about ten feet distant behind it. The car was opened by the defendant's employee, and the plaintiff with his helpers began removing the freight. At about two o'clock in the afternoon, while the plaintiff was inside of the freight car, assisting in removing some radiators to the plaintiff's truck standing at the side of the car, a collision occurred with the car in which the plaintiff was at work, a radiator was thrown upon him and he sustained the injuries for which he now seeks recovery. The plaintiff proved this state of facts in some detail, gave evidence of his damages and rested. The defendant moved to dismiss the complaint upon the ground that the plaintiff had failed to prove a cause of action, failed to show any negligence on the part of the defendant, and on the ground that there was no proof that the accident was in any way caused by the negligence of the defendant, but, as far as the proof went, it might have been caused by the negligence of some other person or corporation. This motion was granted, and the question is before us on this appeal whether the plaintiff had established facts entitling him to go to the jury.

The plaintiff urges that this is a case for the application of the doctrine of *res ipsa loquitur*, and we are of opinion that he is correct in this claim, to the extent that the facts disclosed presented a case for the jury. It appears from the evidence that the defendant operated a locomotive, which shifted the cars over its tracks and sidings, and that while moving two cars, from a siding out onto the main track, the rear wheels of the last car failed to follow the switch track, and the car thus derailed was drawn against the end of the car in which the plaintiff was at work in such a manner that the car was violently moved, causing the injuries. In this case the defendant had the complete management and control of the cars upon its tracks and sidings; it had such management and control of the thing which caused the injury, and the accident happened under such circumstances that the plaintiff had no reason to anticipate its occurrence. Under such circumstances, under the rule laid down in *Griffen* v. *Manice* (166 N. Y. 188), we are of opinion that there

is evidence of the defendant's negligence, which it is bound to explain.

Under the circumstances of this case, where the duty owed to the plaintiff was not that of a common carrier of passengers, but that ordinary care which it was reasonable to expect in a freight yard where cars were being unloaded and moved about, the happening of the accident, in the manner pointed out in the evidence, would not of itself entitle the plaintiff to a recovery as a matter of law. The negligence of the defendant may not have been such as to impose a liability upon the defendant, but it did present a question of fact for the jury, whether the cars were operated in a reasonably prudent manner, and the failure of the defendant to make any explanation of the accident would warrant a jury in finding that the defendant did not exercise that degree of care which the circumstances demanded. The court in the *Griffen Case (supra)* quoted the language of a Maryland case (*Benedick* v. *Potts*, 88 Md. 52) that "this phrase (*res ipsa loquitur*), which literally translated means that 'the thing speaks for itself,' is merely a short way of saying that the circumstances attendant upon an accident are themselves of such a character as to justify a jury in inferring negligence as the cause of that accident." While this negligence might not be of a degree to impose a liability under all circumstances, it yet affords some evidence of negligence, which, in the absence of any explanation on the part of the defendant, would support a verdict for the plaintiff, under a proper charge as to the degree of care which the defendant owed under the circumstances.

The exception should be sustained and a new trial granted, costs to abide the event.

All concurred.

Plaintiff's exceptions sustained and motion for new trial granted, costs to abide the event.